IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**LEE YOUNG and CHARLES MIKHAIL**                  **PLAINTIFFS**

VS.                                **CIVIL ACTION NO. 1:09cv669-KS-MTP**

**RICHARD SCRUGGS, individually; SMBD, INC.,
Directly and as successor in interest to SCRUGGS,
MILLETTE BOZEMAN AND DENT a/k/a SMBD,
and as successor in interest to SCRUGGS LEGAL,
P.A.; and DOE DEFENDANTS 1-20**                  **DEFENDANTS**

## MOTION TO DEEM SERVICE SUFFICIENT, FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS

NOW INTO COURT, by and through undersigned counsel, come the Plaintiffs, Lee Young and Charles Mikhail, who file this their Motion to Deem Service Sufficient, for Default Judgment or, in the alternative, for an Extension of Time within which to serve process. In support thereof, Plaintiffs would show unto the Court as follows:

### SERVICE WAS MADE UPON SCRUGGS' LAWYERS

1. On December 3, 2009, Paul B. Watkins, J. Cal Mayo, Jr., Esq., and Pope S. Mallette, Esq., of the law firm of Mayo Mallette, PLLC, filed responsive pleadings in which they advised this Court and Plaintiffs' counsel that, on the behalf of all Scruggs' defendants, all papers served must be served upon Paul B. Watkins, Esq., J. Cal Mayo, Jr., Esq., Pope S. Mallette, Esq., or the law firm of Mayo Mallette, PLLC. The Scruggs' attorneys specifically stated that not only should notices and papers be served upon them, but all "complaints" should be served upon them, as well. Inmate Scruggs' lawyers have been provided with the subject complaint for at least three months. Inmate Scruggs'

1

lawyers cannot, on the one hand, advise this Court and Plaintiffs counsel that all complaints shall be served upon them yet, on the other hand, maintain that service on them is improper. Such conduct is a clear violation of Rule 11 of the Federal Rules of Civil Procedure. That issue shall be addressed under separate motion unless the Inmate Scruggs' lawyers take appropriate steps to remedy that situation.

2. The Plaintiffs respectfully request that this honorable Court enter an Order deeming that service upon the Mayo Mallette law firm was sufficient based upon the responsive pleading that the Mayo Mallette law firm filed in this case and their receipt of this lawsuit over three months ago. Furthermore, filing such a responsive pleading without mentioning any of the defenses afforded by Rule 12 of the Federal Rules of Civil Procedure constitutes a waiver of any motion for insufficient and/or improper service of process.

**PLAINTIFFS ARE ENTITLED TO DEFAULT JUDGMENT SINCE DEFENDANT SCRUGGS SINCE HE HAS FAILED TO ANSWER THE COMPLAINT**

3. The attorneys for Inmate Scruggs, pursuant to their responsive pleading and notice that they shall be served with all complaints on behalf of inmate Scruggs, were served with a copy of the complaint over three months ago. The defendants have failed to respond to the complaint within the requisite time allowed by the Federal Rules of Civil Procedure. As such, plaintiffs are entitled to default judgment. Plaintiffs respectfully request this honorable Court enter a default judgment against the defendant and that this matter be set for a hearing on the issue of damages against defendant Scruggs.

## ALTERNATIVELY, PLAINTIFFS REQUEST AN EXTENSION OF TIME IN WITHIN WHICH TO SERVE PROCESS

4.  A review of the chronology in this case demonstrate that the Plaintiffs have diligently attempted to serve both Defendants in this case:

| | |
|---|---|
| 10/6/09 | Summons is mailed to inmate Scruggs, and as the Registered Agent for SMBD; Proof of Service on SMBD per FRCP 4(g) and MRCP 4(d)(3), by and through R. Scruggs in Federal Correctional Institution in Ashland, KY. |
| 10/6/09 | Summons sent certified mail to SMBD c/o C. Bosarge. She avoids signing for package. |
| 11/10/09 | Summons to inmate Scruggs, and SMBD by/through Scruggs as registered agent re-issued pursuant to Kentucky Rules of Civil Procedure which allows for certified mail. |
| 12/3/09 | Attorneys for Scruggs and SMBD enter appearance and **request that all pleadings, without limitation, including Complaints, be served on them as counsel of record.** |
| 01/25/10 | Filed summons issued to SMBD c/o C. Bosarge, which was personally served on 11/20/09. |
| 01/25/10 | Filed Summons issued to R. Scruggs, Ind., which was sent via certified mail, return receipt requested on 11/10/09, and signed for on 11/16/09, by a representative of the FCI in Ashland, Kentucky. |
| 01/25/10 | Filed Summons issued to R. Scruggs, as registered agent for SMBD, which was sent via certified mail, return receipt requested on 11/10/09, and signed for on 11/16/09, by a representative of the FCI in Ashland, |

Kentucky.

01/26/10    Summons re-issued to R. Scruggs, Ind., via certified mail, restricted delivery and mailed.

5. Although originally contested, the Defendant SMBD, Inc., have finally conceded that it has been properly served. Therefore, the adequacy of the service on inmate Scruggs is the only issue. Plaintiffs are entitled to an extension of time.

6. Good cause exists for extending the time for service because:

a. Service on Scruggs was made upon his lawyers in accordance with pleadings filed in this Court pursuant to Rule 11 of the Federal Rules of Civil Procedure;

b. Service on inmate Scruggs is made particularly difficult because he is a Federal prisoner avoiding service of process. Personal service is not an option, and Scruggs is raising hypertechnical issues on service to delay and obstruct these proceedings while, at the same time, continuing the illegal scheme of stealing fees from Plaintiffs every three months;

c. Scruggs and his attorneys have already received numerous copies of the summons and complaint;

d. This satisfies all of Scruggs' objections regarding service;

e. This request for additional time is not made for purposes of delay, but so justice may be served. The circumstances surrounding the Defendant's location are exceptional and no one will be prejudiced by an extension. There are no statute of limitations issues related to any extension, should this matter be dismissed as to Scruggs; and

  f. In the event an extension of time to serve is not granted, Plaintiffs would have to refile the lawsuit, serve Scruggs, and move to consolidate it with the pending cause of action against the SMBD, which everyone agrees has been served. Obviously this would be a waste of judicial resources, and cause an unnecessary delay.

  WHEREFORE, the Plaintiffs request:

  1. The Court deem service to have been perfected on Scruggs;

  2. Default judgment be entered against Scruggs; or

  3. Alternatively, the Plaintiffs request that the Court extend the time for service of the Complaint on inmate Scruggs for an additional 45 days.

Respectfully submitted, this the 30th day of January, 2010.

    **LEE YOUNG and CHARLES MIKHAIL, Plaintiffs**

    BY: /s/James R. Reeves, Jr.
     JAMES R. REEVES, JR. (MSB #9519)
     MATTHEW G. MESTAYER (MSB #9646)
     Lumpkin, Reeves & Mestayer, PLLC
     P. O. Drawer 1388
     Biloxi, MS 39533
     Telephone: 228/374-5151
     Fax: 228/374-6630

## CERTIFICATE OF SERVICE

      I, undersigned counsel, do hereby certify that I have this 30th day of January, 2010, electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following counsel of record:

      J. Cal Mayo, Jr.
      Pope S. Mallette
      Paul B. Watkins
      Mayo Mallette PLLC
      2094 Old Taylor Road
      5 University Office Park
      P. O. Box 1456
      Oxford, MS 38655
      cmayo@mayomallette.com
      pmallette@mayomallette.com
      pwatkins@mayomallette.com

                                        /s/ James R. Reeves, Jr.