**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

LEE YOUNG AND CHARLES J. MIKHAIL                                                  PLAINTIFFS

V.                                                                                                  NO. 1:09-CV-669

RICHARD F. SCRUGGS, INDIVIDUALLY;
SMBD, INC., DIRECTLY AND AS SUCCESSOR
IN INTEREST TO SCRUGGS, MILLETTE BOZEMAN,
AND DENT A/K/A SMBD, AND AS SUCCESSOR IN
INTEREST TO SCRUGGS LEGAL, P.A.; AND
DOE DEFENDANTS 1-20                                                                   DEFENDANTS

**MEMORANDUM BRIEF IN SUPPORT OF
DEFENDANTS' RESPONSE TO MOTION TO DEEM SERVICE
SUFFICIENT, FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE,
FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS**

Plaintiffs concede that they have not served Defendant Richard Scruggs with a summons and complaint as required by the federal rules. Rather than accepting responsibility for their failures, however, Plaintiffs lash out at Defendants, charging that Defendants are "intentionally avoiding process" and trying to "manipulate and exploit the legal process and judicial system." Defendants are not to blame for Plaintiffs' inability to comply with the plain language of the applicable procedural rules. This Court should deny Plaintiffs' Motion.

**Service on SMBD is not an issue.**

As a preliminary matter, no issue exists about service of process on Defendant SMBD. SMBD did not ask this Court to dismiss Plaintiffs' claims pursuant to FRCP 12(b)(5). While Plaintiffs' desire to make SMBD a part of this service of process dispute is bad enough, its blatant misrepresentations about SMBD's alleged conduct are unforgivable.

Plaintiffs claim that they attempted to serve SMBD by certified mail delivery to Charlene Bosarge. Then Plaintiffs attack Ms. Bosarge, charging that she "avoid[ed] signing for package." *See*

Pltfs' Mtn., p. 3 (Dkt. No. 29). Plaintiffs later state that Ms. Bosarge "made repeated attempts to intentionally avoid process." *See* Pltfs' Brf., p. 5 (Dkt. No. 30). Plaintiffs offer no evidentiary support for these accusations as none exists. In fact, the record refutes their allegations.

Plaintiffs first attempted to serve SMBD by regular mail delivery to Richard Scruggs in October, citing FRCP 4(g) and MRCP 4(d)(3). *See* Return of Service (Dkt. Nos. 6 and 7); *see also* Pltfs' Mtn., p. 3 (Dkt. No. 29), *and* Pltfs' Brf., p. 3 (Dkt. No. 30). Unfortunately for Plaintiffs, FRCP 4(g) pertains to service on a minor or incompetent person, and MRCP 4(d)(3) pertains to service by a sheriff or process service (not service by regular mail) on a person incarcerated in a state or county prison in Mississippi. Even if Plaintiffs had, in fact, attempted to serve SMBD (a Mississippi corporation) by certified mail through Ms. Bosarge (as they now allege), this attempt at service would also have failed. MRCP 4(c)(5) limits certified mail service to persons "outside this state".

Ultimately, Plaintiffs appropriately served SMBD on November 20, 2009, by hand delivering the summons and a copy of the complaint to Ms. Bosarge, a company officer, in Pascagoula, Mississippi. *See* Dkt. No. 22. For this reason, Defendants have not contested the sufficiency of service as to SMBD. This Court should ignore Plaintiffs' unfounded, false and irrelevant comments alleging that SMBD and its officers attempted to avoid process.

### **Plaintiffs' have failed to serve Richard Scruggs.**

Plaintiffs have failed to properly serve process on Defendant Richard Scruggs. The time line prepared by Plaintiffs clearly demonstrates the lack of service. Plaintiffs claim to have served Scruggs by regular mail in October pursuant to FRCP 4(g) and MRCP 4(d)(3). *See* Dkt. Nos. 4 and 5; *see also* Pltfs' Mtn., p. 3 (Dkt. No. 29), *and* Pltfs' Brf., p. 3 (Dkt. No. 30). Plaintiffs even represented to the Court Clerk that the rules permitted such regular mail service. *See* Unnumbered

Docket Annotation, dated Oct. 21, 2009. As already discussed, however, FRCP 4(g) pertains to service on a minor or incompetent person, and MRCP 4(d)(3) pertains to service by a sheriff or process service (not service by regular mail) on a person incarcerated in a state or county prison in Mississippi. Clearly, neither rule applies to this situation.

Plaintiffs next claim that they completed service on Scruggs in November by delivering the summons and a copy of the complaint by certified mail. *See* Pltfs' Mtn., p. 3 (Dkt. No. 29), *and* Pltfs' Brf., p. 3 (Dkt. No. 30); *see also* Pltfs' Opp. Brf. (Dkt. 18), pp. 4-5. However, as already established, Plaintiffs failed to request "restricted delivery" or delivery "to addressee only", as required by Mississippi and Kentucky law. *See* Defs' Rebuttal Brf. (Dkt. 21), pp. 1-4.

After Richard Scruggs moved to strike their deficient and untimely attempts at service, Plaintiffs obtained a new summons as to Richard Scruggs from the Court Clerk on January 26, after expiration of the time for service. *See* Dkt. No. 28. Plaintiffs have now filed a Proof of Service that attests to service via certified mail, restricted delivery. *See* Dkt. No. 31. The certified mail receipt shows delivery on January 29, 2010. *Id*.

Plaintiffs failed to serve Richard Scruggs within the 120 days provided by FRCP 4(m). Plaintiffs filed their complaint on September 9, 2009, so that their time to complete service of process expired on January 7, 2010. Even assuming appropriate service of the latest summons (Dkt. No. 31) under federal, Mississippi or Kentucky law, Plaintiffs accomplished the service outside the 120 days permitted by FRCP 4(m), requiring dismissal of Plaintiffs' claims against Defendant Richard Scruggs. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (finding dismissal appropriate when defendants not served within 120 days); *Stevens v. City of Jackson*, No. 3:07-cv-714, 2009 WL 435177, at *2 (S.D. Miss. Feb. 17, 2009) (same); *Luvene v. Metropolitan Life Ins.*

*Co.*, No. 3:99CV70, 2000 WL 341253, at *1 (dismissing claims when plaintiff failed to appropriately serve defendants within 120 days). Plaintiffs have failed to serve Richard Scruggs as required by the Federal Rules of Civil Procedure.

### **No good cause exists to extend time for service.**

Plaintiffs make a weak-hearted suggestion that "good cause" exists to support an enlargement of time for service of process. *See* Plts' Mtn., p. 4 (Dkt. No. 29). In reality, Plaintiffs have simply failed to follow the plain language of the rules. At the same time, Plaintiffs have misrepresented to the Court the propriety of their service, either by suggesting that service by regular mail or service by certified mail without restricting delivery sufficed under the relevant rules. They cannot cast blame on others for their failures to attend to this important part of the litigation process.

When service of process is challenged, the serving party bears the burden of proving its validity or good cause for its failure to timely serve. The Fifth Circuit has held that "good cause" under Rule 4(m) "requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995) (quoting Wright and Miller, FEDERAL PRACTICE AND PROCEDURE: Civil, § 1165 at 480). To show good cause, a plaintiff must "make showing of good faith and establish some reasonable basis for noncompliance within the time specified." *Systems Signs Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

Plaintiffs have failed to demonstrate that their failure to timely serve Richard Scruggs within 120 days was attributable to anything but a mistake or ignorance of the rules. The summons that was ultimately sent via restricted-delivery certified mail was not even issued until nearly three weeks

Case 1:09-cv-00669-KS-MTP    Document 33    Filed 02/11/2010    Page 5 of 8

after Plaintiffs' 120 days had expired. The Proof of Service filed by Plaintiff on February 10, 2010 [Dkt. No. 31] shows that the summons was received and signed for on January 29, 2010, *just three days* after the latest summons was issued on January 26, 2010 [Dkt. No. 28]. Thus, any argument that Richard Scruggs' incarceration constitutes "good cause" for an extension of the time for service of process is conclusively rebutted by these facts. No "red tape" stood in the way of Plaintiffs' transmission of a restricted-delivery package; they simply chose not to attempt service in the required manner until after expiration of the 120-day period.

Plaintiffs also argue (without any legal authority) that the entry of appearance by Defendants' legal counsel on December 3 waived the defenses available under FRCP 12(b)(5). Plaintiffs further assert that they served a complaint on Defendants' counsel "over three months ago" (*see* Pltfs' Mtn., p. 2 (Dkt. No. 29)), presumably at some point in October. Plaintiffs offer no proof of service or certificate of service as to the complaint which they allegedly served, much less any explanation as to how an entry of appearance in early December would have retroactive effect to cover a complaint allegedly "served" in October. More importantly, Plaintiffs blatantly ignore Defendants' Motion for Enlargement of Time (Dkt. No. 10) filed on the same day that Defendants' legal counsel formally entered their appearances to register under the ECF system. In that Motion (¶ 6), Defendants specifically reserved "all defenses . . . that they, or either of them, may have" to Plaintiffs' claims. This Court granted Defendants' Motion without any objection from Plaintiffs. *See* Text Only Order (December 7, 2009).

Plaintiffs next argue (apparently not in jest) that Richard Scruggs is "a Federal prisoner avoiding service of process." It is not clear if Plaintiffs are suggesting that Scruggs decided to enter prison to avoid their service of process or that he is somehow able to move around within the prison

5

system to avoid service of process. Either way, Plaintiffs' argument is ludicrous. There is no evidence that Richard Scruggs is avoiding service. Instead, Plaintiffs have failed to follow the plain language of the applicable rules in completing service on him.

Plaintiffs suggest that this Court should deem service as complete because "Scruggs and his attorneys have already received numerous copies of the summons and complaint." Plaintiffs offer no authority for the proposition that delivery of a complaint to a defendant's legal counsel satisfies the service of process requirements under the federal or state procedural rules. In addition, "actual notice" of the complaint or the claims does not suffice as service of process. *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988), *cited in Winegarner v. Cinemark USA*, 2009 WL 3199509, *4 (N.D. Tex. October 5, 2009). Despite Plaintiffs' suggestion to the contrary, service of process is not a mere technicality. It is the manner by which a plaintiff satisfies due process concerns. *Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987), *cited in Nabulsi v. Nahyan*, 2009 WL 1658017, *4 (S.D. Tex. June 12, 2009).

None of Plaintiffs' arguments satisfy the "good cause" requirements of Rule 4(m). Instead, Plaintiffs have simply failed to comply with the rules governing service through their own omissions. This Court should not reward Plaintiffs for their predicament created by their own actions.

## **Default against Richard Scuggs is not proper.**

As if ignoring Richard Scruggs' due process rights as to service of process is not enough, Plaintiffs then ask the Court to move forward with a default judgment - - depriving Scruggs of *any* hearing on the merits of their claim. Presumably, Plaintiffs would have the Court ignore all the other arguments made in Defendants' Motion to Dismiss related to the failure to state a claim for the

alleged RICO violations and the statutory bar to recovery on a portion of Plaintiffs' claims arising from the *Lackey* judgment. Certainly, even if Plaintiffs have sufficiently served him (which they have not done), Richard Scruggs is entitled to have this Court address the remaining points raised in the Motion to Dismiss. Default judgment is not proper.

## CONCLUSION

Plaintiffs are grasping at straws. For reasons which they cannot explain and with full knowledge of their deficiencies, they failed to comply with the Federal Rules of Civil Procedure governing service of process. Their time to complete service has expired. This Court should deny Plaintiffs' request to deem service completed, deny Plaintiffs' request for an enlargement of time to complete service and deny Plaintiff's motion for entry of default judgment. This Court should grant Defendants any other appropriate relief.

THIS, the 11th day of February, 2010.

                                RICHARD F. SCRUGGS AND SMBD, INC.

                                /s/ J. Cal Mayo, Jr.
                              J. CAL MAYO, JR. (MB NO. 8492)
                              POPE S. MALLETTE (MB NO. 9836)
                              PAUL B. WATKINS (MB NO. 102348)
                              *Attorneys for Defendants*

OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road
5 University Office Park
Post Office Box 1456
Oxford, Mississippi  38655
Telephone: (662) 236-0055

**CERTIFICATE OF SERVICE**

I, J. CAL MAYO, JR., one of the attorneys for Defendants Richard F. Scruggs and SMBD, Inc., do certify that I have electronically filed the foregoing document with the Clerk of the Court using the ECF system, who forwarded a copy of same to the following:

James R. Reeves, Jr.
Matthew G. Mestayer
Lumpkin, Reeves & Mestayer, PLLC
160 Main Street
P.O. Drawer 1388
Biloxi, Mississippi 39533
ATTORNEYS FOR PLAINTIFFS

THIS, the 11th day of February, 2010.

*/s/ J. Cal Mayo, Jr.*
J. CAL MAYO, JR.