## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

**LEE YOUNG and CHARLES MIKHAIL**                                                               **PLAINTIFFS**

**VS.**                                                              **CIVIL ACTION NO. 1:09cv669-KS-MTP**

**RICHARD SCRUGGS, individually; SMBD, INC.,**
**Directly and as successor in interest to SCRUGGS,**
**MILLETTE BOZEMAN AND DENT a/k/a SMBD,**
**and as successor in interest to SCRUGGS LEGAL,**
**P.A.; and DOE DEFENDANTS 1-20**                                                       **DEFENDANTS**

### REBUTTAL IN SUPPORT OF PLAINTIFFS' MOTION TO DEEM SERVICE SUFFICIENT, FOR DEFAULT JUDGMENT, OR IN THE ALTERNATIVE, FOR EXTENSION OF TIME IN WHICH TO SERVE PROCESS

NOW INTO COURT, by and through undersigned counsel, come the Plaintiffs, Lee Young and Charles Mikhail, who file this their Rebuttal in Support of Plaintiffs' Motion to Deem Service Sufficient, for Default Judgment or, in the Alternative, for an Extension of Time within which to serve process. In support thereof, Plaintiffs would show unto the Court as follows:

1.      Inmate Scruggs and his attorneys conceal from this Court the fact that they have received copies of the Summons and Complaint in this case. They still object to service claiming the envelope that they received which contained the Complaint did not have a check by the line for "restricted delivery." On this frivolous basis, they claim that service is not proper. They are wrong because inmate Scruggs has been timely served under Kentucky law which does not require restricted delivery.

2.      Moreover, inmate Scruggs has now been served with a "restricted delivery" envelope and has otherwise been served as set forth herein.

3. Inmate Scruggs and his attorneys' tactics are designed to manipulate and to cause further delay in these proceedings. Inmate Scruggs continues to take money from the Plaintiffs to finance his illegal schemes and satisfy judgments obtained by others from whom he has illegally taken fees. This Court should no longer tolerate this arrogant manipulation of the legal system.

### INMATE SCRUGGS HAS BEEN PROPERLY SERVED UNDER KENTUCKY LAW

4. F.R.C.P. 4(e)(1) permits service upon inmate Scruggs under Mississippi **or** Kentucky law. Kentucky Rules of Civil Procedure Rule 4.01(1)(a) provides in pertinent part that service can be had through the mail by:

> [ "...addressing the envelope to the person to be served at the address set forth in the caption, or the address set forth in written instructions furnished by the initiating party, affix adequate postage, and place the sealed envelope in United States as registered mail or certified mail return receipt requested with instructions to request that the delivery of a postal employee to deliver to the addressee only..."] .[1]

5. It is undisputed that that has been done in this case. (See Dkt. No. 31.)

6. Under Kentucky law inmate Scruggs has the burden to prove that he never received the Complaint. *Haven Point Enterprises, Inc. v. United Bank Inc.*, 698.So.W.2d 393 (KY1985); *Douglas v. University of Kentucky Hospital*, 2008 WL 2152209 (KY 2008). Neither inmate Scruggs nor his attorneys have provided any evidence to satisfy their burden. They cannot because they have received the Complaint numerous times. As such service is proper under Kentucky law.

---

[1] The Defendants' assertion that Kentucky law requires "restricted delivery" be marked on the mail envelope is wrong. (See Defendant's Memorandum Brief, Page 4). (Docket # 14).

### INMATE SCRUGGS HAS BEEN SERVED
### THROUGH HIS ATTORNEYS
### PURSUANT TO THEIR SPECIFIC INSTRUCTIONS

7. Not surprisingly, Scruggs' lawyers failed to address their filing which was made with this Court pursuant to Rule 11, F.R.C.P. On December 3, 2009, three separate notices of entries of appearance were filed by the attorneys for inmate Scruggs. Not only did each attorney make a general appearance, but each instructed this Honorable Court and Plaintiffs' counsel concerning **service** on their client. Defense counsel specifically demanded that all pleadings, including complaints, be **served** upon the attorneys of record. They specifically advised the Court and Plaintiffs' attorneys to serve them "whether formal or informal, whether ex parte or on notice, whether written or oral, and whether transmitted or conveyed by mail, delivery, telephone, telecopier, telegraph or otherwise." The attorneys have been served with the Complaint as they requested pursuant to their Rule 11 filing. This service, alone, is sufficient.

### INMATE SCRUGGS HAS BEEN SERVED
### UNDER MISSISSIPPI LAW

8. As set forth in the original Motion, Inmate Scruggs and his attorneys have been properly served with the Complaint and Summons on numerous occasions. On January 29, 2010, he was served yet again via certified mail, restricted delivery. (See Dkt. No. 28.] This service satisfies all of inmate Scruggs' previous objections.

### IN THE ALTERNATIVE, PLAINTIFFS SHOULD BE GIVEN
### ADDITIONAL TIME TO SERVE INMATE SCRUGGS

9. F.R.C.P. 4(m) states in pertinent part as follows:

> **Time Limit for Service.** If a defendant is not served within a 120 days after the complaint is filed, the court -- on motion or

        on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant **or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period**...

    10.     What amounts to "good cause" under any particular set of circumstances is necessarily very fact-sensitive. *Lindsey v. U.S.R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). For example, the District Court in *Boltes v. Entex*, 158 F.R.D. 110, 112 (S.D. Tex. 1994), said that good cause can be found where there is a showing that: (1) the parties to be served received actual notice of the lawsuit, (2) the defendants would not suffer prejudice if the deadline for service was extended, and (3) that the plaintiff would be severely prejudiced if his complaint was dismissed. Then, the Fifth Circuit in *Winters v. Teledyne Movable Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985), seemed to suggest a mitigating value to actual knowledge by the defendant, whereby it was a definite factor to consider.

    11.     The United States Supreme Court and the Fifth Circuit have held that the 1993 amendments to Rule 4 now permit a court to extend the time for serve **even if no good cause is shown**. See, *Henderson v. United States*, 517 UW 654, 663-64 (1996); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). In *Thompson v. Brown*, the plaintiff conceded that he had made no showing of good cause, but contended that the court had the discretion to permit an extension of time anyway. 91 F.3d at 21. The Fifth Circuit agreed, holding as follows: "We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Id.* "Under rule 4(m),

4

when a plaintiff fails to serve a defendant within the 120-day period, the district court has two choices: It may either 'dismiss the action without prejudice ... *or* direct that serve be effected within a specified time.'" *Id.*, Thus, "[a]t a result of the rule change, when a district court entertains a motion to extend time for service, it must first determine whether good cause exists. If good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Id.*

12. Relying on these decisions, the Fifth Circuit in 2008 explained that the court's discretionary power to extend time for service may be warranted "for example, if the applicable statute of limitations would bar the refile action, **or if the defendant is evading service** or conceals a defect in attempted service." *Newly v. Enrol Corp.*, 284 Fed. Appx. 146, 149 (5th Cir. 2008) (emphasis added). This statement was made relying on the advisory committee's note to Rule 4(m).

13. Good cause to extend the time for service exists in this case because:

    (a) Inmate Scruggs is in Federal prison making personal service difficult, if not impossible;

    (b) Inmate Scruggs and his attorneys have been served with the Complaint on numerous occasions;

    (c) Inmate Scruggs was served again on January 29, 2010, by certified mail with a check-marked restricted delivery. This satisfies all of the Defendants' baseless objections;

  (d) The Plaintiffs have set forth the numerous and repeated efforts made to serve inmate Scruggs and his attorneys;

  (e) Circumstances are unique in that inmate Scruggs is in a federal prison in a separate state. As such, service can be made under two (2) separate state court rules regarding service of process;

  (f) The Defendants' counsel filed a Rule 11 pleading with this Court instructing Plaintiffs to serve them with the Complaint. Once they were served, they objected, alleging inadequate service;

  (g) On December 3, 2009, the Defendants moved for an extension of time to file responsive pleadings and their objection effectively concealing from the Plaintiffs their intent to object to service until the time to serve within 120 days had nearly expired;

  (h) At a minimum, there is a good faith legal dispute as to whether or not inmate Scruggs was properly served under the various laws as set forth herein;

  (i) Dismissal of the claim would require refiling the Complaint delaying the inevitable in this case and wasting judicial resources and time;

  (j) No prejudice will result from an extension of time because there is no statute of limitations issues involved if there is a dismissal, and Inmate Scruggs will still be in Federal custody because of his conviction; and

  (k) Good cause for an extension of time to serve clearly exists. This is especially true under the liberal 1993 Amendments to Rule 4, F.R.C.P.

 WHEREFORE, PREMISES CONSIDERED, the Plaintiffs move this Honorable Court to rule that:

 1. Service has been perfected on Mr. Scruggs;

2. The restricted delivery service made on inmate Scruggs January 29, 2010, was timely and proper in the light of the Court's extension of time as set forth above.

3. Alternatively, an extension of time is retroactively granted from January 9, 2010, to March 15, 2010 to perfect service.

Plaintiffs pray for such other and further relief to which they are entitled.

RESPECTFULLY SUBMITTED, this the 19th day of February, 2010.

                       **LEE YOUNG and CHARLES MIKHAIL, Plaintiffs**

                       BY: /s/James R. Reeves, Jr.
                           JAMES R. REEVES, JR. (MSB #9519)
                           MATTHEW G. MESTAYER (MSB #9646)
                           Lumpkin, Reeves & Mestayer, PLLC
                           P. O. Drawer 1388
                           Biloxi, MS 39533
                           Telephone: 228/374-5151
                           Fax: 228/374-6630

## **CERTIFICATE OF SERVICE**

I, undersigned counsel, do hereby certify that I have this 19th day of February, 2010, electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following counsel of record:

    J. Cal Mayo, Jr.
    Pope S. Mallette
    Paul B. Watkins
    Mayo Mallette PLLC
    2094 Old Taylor Road
    5 University Office Park
    P. O. Box 1456
    Oxford, MS 38655
    cmayo@mayomallette.com
    pmallette@mayomallette.com
    pwatkins@mayomallette.com

                                    /s/ James R. Reeves, Jr.